We'll move to our fourth case of the morning. Blake v. United States. It's Appeal No. 23-2399. Mr. Whelan, Mr. Wehant, right? Good morning. Thank you and may it please the court, my name is Kevin Wehant on behalf of Appellant Arrion Blake. When this court disbarred Mr. Blake's trial counsel, John Davis, it did so using rare and exceptional language reserved only for those lawyers who so clearly fail to exercise their professional duties. This court described Mr. Davis as a lawyer who plainly could not represent his own interests, let alone those of his client, and who flagrantly disregarded a district judge's instructions. This court described Mr. Davis' complaint that led to his disbarment as 165 pages of gobbledygook. At the time of the representation by Mr. Blake, was the attorney still in good standing? Yes, Your Honor, he was a member in good standing, although subject to a show-cause order from this court concerning his disciplinary actions. So the show-cause order is in December of 2017? Yes, Your Honor. The show-cause order was issued in December 2017, the criminal trial took place in March 2018, and then the order disbarring Mr. Davis came out, I believe, in May of 2018. So should the presumption of effectiveness be relieved at the point that there's a show-cause order? No, Your Honor, I think this would be backward-looking. This would be in the event that a lawyer is disbarred, then some sort of evidentiary hearing like we're requesting here, in order to determine whether the presumption of adequacy should attach to that trial. How would that affect the ineffective assistance claim? Your Honor, in the district court's decision below, it's clear that the court used the presumption of adequacy as a prong to analyze both steps under Strickland, not just the first. The district court stated that it was analyzing prejudice through the lens of a strong presumption of adequacy. On page 15 of the district court opinion, the court stated that Mr. Davis' chosen defense was a strategic decision and that the court does not find his performance deficient. That was specifically regarding why Mr. Davis chose to pursue one defense instead of alternatives. That specific defense had already been rejected by the district court on a motion to dismiss. The court disregarded that from the district judge and decided to raise that exact same defense as the entire trial defense. On the very next paragraph of the district court decision, with respect to whether it was prejudice for Mr. Davis not to retain an expert witness in the defense of Mr. Blake, the court again said that strategic decisions, including whether to hire an expert, are entitled to a strong presumption of reasonableness. That presumption should not attach in this case, and it's clear that that affected the prejudice prong as well. What's your best argument for how you meet the prejudice element here? Namely, that you can demonstrate a reasonable probability that but for the errors, the result of this case would have been different, given the evidence that was admitted at trial. Your Honor, in large part it's the lack of any sort of corroborating witnesses. It's the lack of a pretrial investigation. It's that the appellant, Mr. Blake, said, I spoke with this person at the IRS, I spoke with this person at the Social Security Administration, and his counsel made no efforts to inquire into what those individuals would say. This court, in two previous opinions, Olvera, which is 2F4-659, and Thompson, 698F3-976, spoke about the importance of a trial counsel making a reasonable and informed decision before deciding not to have a particular witness testify, or to determine whether a pretrial investigation was unnecessary. Neither of those occurred here, and the presumption that Mr. Davis performed adequately is the only thing that got this case over the strickland hump in the district court's view. When you look at the affidavit and the record, isn't it interesting that Mr. Davis is not aware that Mr. Blake is not able to identify anyone that he spoke with at the IRS, but he doesn't learn that information until about a week before the deadline? Yes, Your Honor. I mean, I think that there are certain arguments, of course, that Mr. Blake raised earlier in these proceedings that were not part of the Certificate of Appealability, which addressed the lack of conversations between him and Mr. Davis in terms of developing his trial prep strategy. I certainly agree that there are numerous problems that could have been solved had Mr. Davis spent more time with Mr. Blake while his criminal case was pending, had focused more on pretrial investigation, and had... The timing is certainly such that this court issued the show cause order to Mr. Davis during trial prep for Mr. Blake's upcoming trial. I do think that an evidentiary hearing determining whether Mr. Davis was so focused on defending his own interests that he wasn't able to spend enough time looking into Mr. Blake would be helpful as well, and I think that's one of the reasons that an evidentiary hearing here is so particularly important. Mr. Wehon, am I right that Mr. Whalen can correct me, and you can too, but didn't the government present evidence at trial that after the refund request was made for the, call it $150,000 or so, that your client requested similar refunds on multiple subsequent occasions? Yes, Your Honor, that's correct. Okay. That seems to me to be pretty powerful evidence for the government. Respectfully, Your Honor, I think that it's evidence that Mr. Blake believed he was doing nothing wrong, that he spoke to an IRS representative, received information that informed his decision on how to file his taxes. Right, okay, I get that part, but why, it makes very little sense to me that a representative from the IRS would have said, after you file for the first refund, file for ten additional ones. Your Honor, I certainly agree that… That doesn't, I mean, that starts to sound like fraud. Your Honor, I agree that it could be fraud, and this is part of the reason, for example, that we're not seeking a per se finding of ineffectiveness here. What we need to do is… No, no, no, on the, it's on Strickland Prawn 2. I think that's a hard fact for you on Strickland Prawn 2. I mean, he's dealt you a tough hand with that card. Your Honor, I agree. Respectfully, I still think that part of the district court's prejudice analysis on Strickland Prawn 2 was informed by the presumption of adequacy here. I don't think that the same result would occur, if this court were to reverse and remand with instructions to not presume Mr. Davis' adequacy, I do think there would be a different result. I will concede that it's possible that the court could come to the same conclusion. If not, then we would be seeking a per se rule, and we're not. That goes right back to Judge Saini's question of what is the prejudice. Your Honor, I… What's your best argument? The best argument, I believe, that there is no prejudice, is that had Mr. Davis conducted pretrial investigations and attempted to find corroborating witnesses, who we know exist, who Mr. Blake said, I spoke to this person, I've got their name written down. Had Mr. Davis taken any steps in order to try to find that person, that would be particularly important. Now, I… Did the government admit the evidence that in 2016, your client sent the IRS a tax return that essentially faked his own death and his wife's? Your Honor, I believe that is correct, yes. That sure sounds like fraud. Your Honor, I agree that that sounds like fraud. How can you show the prejudice wrong in light of the fact that he's charged with defrauding the IRS and filing false tax returns, and as part of this scheme, he submits a tax return saying both he and his wife are dead? Your Honor, I agree that prejudice is tough here. However, I think that it's clear in the district court's analysis that they were… that the court considered prejudice through this lens of a presumption of adequacy. I mean, of course, the district court granted the certificate of appealability in this case on the prejudice point, necessarily believing that the court's analysis would have come out differently had it not been required to prove… I don't know that you can read that into granting a certificate of appealability. Your Honor, maybe that's certainly fair. However, there are other portions, of course, of the opinion in which the court says… There are two prongs of Strickland here, and the presumption is part of both… part of both analyses. I'm going to save you a minute. We'll give you a minute. Thank you. Yeah, you're welcome. Okay, Mr. Whalen, good morning. May it please the court. Nathaniel Whalen here on behalf of the United States of America. The district court properly denied Mr. Blake's 2255 motion, and we ask this court to affirm. No court of appeals has ever held that when an attorney is a member of the bar at the time they represent the defendant, that there's any relaxing of Strickland's presumption of prejudice. This court, on numerous occasions, has in fact reaffirmed the principle that when you are a member of the bar, in good standing at the time of representation, you are entitled to a presumption of performance. That's been the law in this court for 80 years. It's been the law set forth in Strickland. This court's reaffirmed that on multiple occasions. There's no reason to turn back now. There's no reason to undermine what Strickland said. There's no reason to overturn Preston. So we think on the legal principle alone, this court should just reaffirm its precedent and say when a defense attorney is a member of the bar in good standing, he's entitled to the presumption of competence. And to Judge Pryor's question, that is correct. John Davis was a member of the bar in good standing at the time he represented Mr. Blake. It was only after trial that he was subsequently removed from this court's bar. Keeping in mind, though, he was still a member of good standing in the bars of the Indiana State Supreme Court and the Northern District of Indiana, even at the time the district court issued its opinion in this case. So on the legal principle alone, we think this court should affirm. In terms of why the district court would have granted the certificate of appealability, we think that the district court was just trying to get it right. He was trying to figure out what is the correct standard. And to the extent that there was any doubt, we would clarify that precedent remains good law. The district court certificate of appealability was pretty limited. It was limited to the performance prong. Does that limit us at all? I don't think so, Your Honor. I think reaffirming this precedent would obviously affirm the district court's decision. I do think because Mr. Blake has conceded that he cannot prevail under a Strickland standard  there is a presumption of competence, that's the end of the appeal. Whether or not this court wanted to get into prejudice above and beyond that, I don't think there's any reason to remand for consideration of prejudice because the district court didn't seem to hinge its prejudice analysis on kind of a presumption of competence. There are two different analyses. And I guess to the extent that Mr. Blake is now looking at page 15 to say that there's a commingling of the two, I mean, really the paragraph he seems to be relying on is about the Moorish temple documents. But on the page before that, I'm sorry, over paragraph on page 14, the district court says it remains unclear what literature Blake believes should have been admitted and whether the court would have allowed it. That's prejudice analysis. Mr. Blake has not met his burden in showing prejudice, saying that there's some literature that could have been admitted that would have changed the outcome of the trial. He references the paragraph on page 15 that talks about contemplating expert witnesses. Well, on page 16, the court says, given Blake's admission, no evidence has been shown by the failure to subpoena this expert witness to testify. The court's looking at the questions one by one. It is engaging in a presumption of competence, but then it's also looking at the prejudice analysis. And this court has identified some of the really damning evidence against Mr. Blake, the fake death returns, the multiple other returns he filed, the OID returns he actually filed before the returning issue in this case. To the extent that he's now relying on Mr. Davis's purported deficiency about corroborating witnesses, there's no evidence whatsoever what any of these witnesses would have testified had they been called. This unnamed IRS agent, yes, Mr. Blake says he did write down her name at one point, but then he testifies at trial. I don't have that name anymore. I got rid of it. It's unclear to me how you can possibly ask an attorney to go find someone whose name doesn't seemingly exist, let alone to find prejudice on this record when there's no evidence what that IRS agent would have testified to, right? I mean, it sounds crazy to even ask the question, but he didn't go further, did he, and say, and she also advised me to seek 10 additional refunds. Correct. What he testified is I spoke to an IRS help desk person who said put void where prohibited by law, and if it's wrong, IRS will send it back. He says because I got the return in the first instance, I then believed I could keep asking for more and more and more. Unless this court has any questions on any issue, I'm happy to respond. Okay, very well. Thank you, Mr. Whalen. Mr. Wehunt, you're welcome to take your rebuttal time. Thank you, Your Honor. The floor of Strickland's reasonable performance or wide range of reasonable professional legal assistance is not simply being admitted to the bar. That is a line that courts have drawn. It is courts have said, you know, in several opinions, if you don't cross that line, you don't receive effective counsel. But that is not the only point where reasonable professional legal assistance should not be presumed. This case presents numerous examples of an attorney who was highly criticized by this court for his poor performance at the exact same time of Mr. Blake's criminal trial. Does it matter, Mr. Wehunt, that the district court said that he was quite effective at trial? Does that impact our analysis at all? Your Honor, I don't think so. He criticized Mr. Davis even for his performance in the trial. The court said, with respect to the motion to dismiss, that Mr. Davis filed, that his arguments were meritless and a non-starter, and then he raised those exact same defenses at his criminal trial, and he risked a mistrial during his closing arguments. I see that my red light is on if there's no further questions. Thank you very much. Mr. Wehunt, stay there just one second. We want to extend a special thanks to you, to your colleague, and to your firm for taking this appointment. On behalf of Mr. Blake, you should know that he was well represented. We appreciate your service to him and the court. Mr. Wehunt, it's always nice to see you, and you have the thanks of the court as well. Thank you very much. Okay.